**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| OFELIA P. UBUNGEN, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | Civil Action No. 08-0673(EGS) |
| | ) | |
| U. S. CITIZEN & IMMIGRATION SERVICES, | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**DEFENDANT'S MOTION TO DISMISS, OR
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Pursuant to Fed.R.Civ.P. 12(b)(6), Defendant U. S. Citizenship and Immigration Services moves to dismiss Plaintiff's civil action, or in the alternative, pursuant to Fed.R.Civ.P. 56, Defendant moves for summary judgment. Defendant submits the declaration of Brian Welsh, accompanying exhibits, a memorandum in support, and a statement of material facts not in dispute. Plaintiff, *pro se*, should take notice that any factual assertions contained in the declaration and other attachments in support of Defendant's motion may be accepted by the Court as true, unless Plaintiff submits her own affidavit or declaration, or other documentary evidence contradicting the assertions in Defendant's attachments. See Neal v. Kelly, 963 F.2d 453 (D.C.Cir. 1992).

Respectfully submitted,

/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/_____
BLANCHE L. BRUCE, D.C. BAR # 960245
Assistant United States Attorney
555 Fourth Street, N.W., Room E-4220
Washington, D.C. 20530
(202) 307-6078 (telephone)

Dated: July 10, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of July, 2008, I caused the foregoing Motion, Memorandum in Support, Statement of Material Facts, Accompanying Exhibits, and Proposed Order to be served by first class mail, postage prepaid, to plaintiff *pro se*:

Ofelia Padilla Ubungen
No. 19 Governor
Luna Street
2500 La Union
San Fernando City Philippines

_____
BLANCHE L. BRUCE
Assistant United States Attorney
555 Fourth Street, N.W., Room E-4220
Washington, D.C. 20530
(202) 307-6078 (telephone)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| OFELIA UBUNGEN )<br><br>                    Plaintiff, )<br><br>        v.                         )<br><br>U.S. CITIZENSHIP AND IMMIGRATION )<br> SERVICES )<br>                    Defendant. )<br>_____ ) | Civil Action No. 08-00673 (EGS) |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

Defendant U.S. Citizenship and Immigration Services, Department of Homeland Security

("Agency" or "Defendant") hereby moves this Court for summary judgment pursuant to

Fed.R.Civ.P. 56(c).

**I.    INTRODUCTION**

Plaintiff Ofelia Ubungen brings a complaint pursuant to the Freedom of Information Act

("FOIA"), 5 U.S.C. § 552, against Defendant U.S. Citizenship and Immigration Services,

Department of Homeland Security. Compl. at ¶¶1-2. Plaintiff's FOIA complaint is premised

upon a claim that the Agency improperly denied her request for Agency records related to the

address or whereabouts of a third party, Merlina Barbadillo Padilla, whom Plaintiff alleges is her

sister. Id. at ¶1. Plaintiff argues that the Agency's withholding of such records pursuant to 5

U.S.C. § 552(b)(6) was improper, though she fails to offer any specific arguments or authority in

support of her claim. Id. at ¶¶ 2 and 3. Nevertheless, as discussed more fully below, the material

and undisputed facts demonstrate that any such responsive records are exempt from disclosure

under Exemption 6 of FOIA.  For these reasons, summary judgment should be entered as a

matter of law.  See Fed.R.Civ.P. 56( c).

## II.    BACKGROUND

Defendant adopts as background the attached Defendant's Statement of Material Facts

Not in Genuine Dispute.

## III.    STANDARD OF REVIEW

Where no genuine dispute exists as to any material fact, summary judgment is required.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  A genuine issue of material fact is one

that would change the outcome of the litigation.  Id. at 247.  "The burden on the moving party

may be discharged by 'showing' -- that is, pointing out to the [Court] -- that there is an absence

of evidence to support the non-moving party's case."  Sweats Fashions, Inc. v. Pannill Knitting

Company, Inc., 833 F.2d 1560, 1563 (Fed. Cir. 1987).  Once the moving party has met its

burden, the non-movant may not rest on mere allegations, but must instead proffer specific facts

showing that a genuine issue exists for trial.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,

475 U.S. 574, 586 (1986).  "[T]he Court must view all facts in the light most favorable to the

non-moving party."  People For the American Way Foundation v. National Park Service, 503

F.Supp. 2d 284, 291 ( D.D.C. 2007).

FOIA cases are typically decided on motions for summary judgment.  See Cappabianca

v. Commissioner, U.S. Customs Serv., 847 F.Supp. 1558, 1562 (M.D. Fla. 1994) ("once

documents in issue are properly identified, FOIA cases should be handled on motions for

summary judgment") (citing Miscavige v. IRS, 2 F.3d 366, 368 (11th Cir. 1993)).[1]  To be

---

[1] For summary judgment purposes, an agency's decision to withhold information from a FOIA
requester is subject to de novo review by the courts.  Hayden v. National Security Agency Cent.
Sec. Serv., 608 F.2d 1381, 1384 (D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980).

entitled to summary judgment, the agency must prove that each document was produced, not withheld, is unidentifiable, or is exempt from disclosure.  Students Against Genocide v. Dept. of State, 257 F.3d 828, 833 (D.C. Cir. 2001); Weisberg v. U.S. Dept. of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980).  Summary judgment may be awarded to an agency in a FOIA case solely on the basis of agency affidavits or declarations if the "affidavits are 'relatively detailed, non-conclusory, and not impugned by evidence ... of bad faith on the part of the agency.'"  Public Citizen, Inc. v. Dep't. of State, 100 F.Supp.2d 10, 16 (D.D.C. 2000) (quoting McGhee v. Central Intelligence Agency, 697 F.2d 1095, 1102 (D.C. Cir. 1983).  "Summary judgment is available to the defendant in a FOIA case, when the agency proves that it has fully discharged its obligations under FOIA."  Miller v. U.S. Dep't. of State, 779 F.2d 1378, 1382 (8th Cir. 1985).

## IV.    DISCUSSION

### A.    Exemption 6 Prohibits Disclosure

FOIA requires a government agency to disclose all records requested by anyone unless the information sought falls within one of the specific statutory exemptions listed in 5 U.S.C. § 552(b).  5 U.S.C. § 552(d).  Among those exemptions, Exemption 6 prohibits the release of personnel, medical or similar files where the release of such files would constitute a clearly unwarranted invasion of personal privacy.  5 U.S.C. § 552(b)(6).

Thus, the threshold question for an agency justifying its withholding of records pursuant to Exemption 6 is whether the requested information is contained in a personnel, medical, or similar file.  United States Dep't of State v. Washington Post Co., 456 U.S. 595, 598 (1982); N.Y. Times Co. v. NASA, 920 F.2d 1002, 1004 (D.C. Cir. 1990).  If it is, then the court must determine whether the information is of such a nature that its disclosure would constitute a clearly unwarranted privacy invasion.  Washington Post, 456 U.S. at 598; NASA, 920 F.2d at

1004.  This second inquiry requires the court "to balance 'the individual's right of privacy'

against the basic policy of opening 'agency action to the light of public scrutiny'...." <u>United

States Dep't of State v. Ray</u>, 502 U.S. 164, 175 (1991) (quoting <u>United States Dep't of the Air

Force v. Rose</u>, 425 U.S. 352, 372 (1976)).

> **1.      The Requested Records Constitute Personnel, Medical, Or Similar Files**

With regard to the scope of the "similar files" language in Exemption 6 of the FOIA, the

Supreme Court has made clear that information that "applies to a particular individual" may

qualify for protection.  <u>Nat'l Ass'n of Home Builders v. Norton</u>, 309 F.3d 26, 32 (D.C. Cir.

2002) (quoting <u>Washington Post</u>, 456 U.S. at 602).  In <u>Washington Post</u>, the Court explained that

Congress intended the phrase "similar files" to have "a broad, rather than a narrow, meaning."

<u>Id</u>. at 600.  The Court rejected the argument that the term "similar files" should narrowly be

construed to include only those files containing "intimate details" and "highly personal"

information.  <u>Id</u>.  In doing so, the Court explained that the scope of Exemption 6 is limited by the

"clearly unwarranted invasion of personal privacy" standard contained in the exemption.  <u>Id</u>.

"Thus, the primary concern of Congress in drafting Exemption 6 was to provide for the

confidentiality of personal matters."  <u>Id</u>. at 559-60 (citing <u>Rose</u>, 425 U.S. at 375, n. 14).

Therefore, the threshold inquiry requires a court to look not to the "'the nature of the file[ ] in

which the information [is] contained,' but solely to whether the information in the file 'applies to

a particular individual.'"  <u>NASA</u>, 920 F.2d at 1007 (citing <u>Washington Post</u>, 456 U.S. at 599 &

602).

The Court of Appeals for the District of Columbia Circuit "has observed that Exemption

6 'is designed to protect personal information in public records, even if it is not embarrassing or

of an intimate nature . . . .'"  <u>Norton</u>, 309 F.3d at 32 (citing <u>Nat'l Ass'n of Retired Fed.</u>

Employees v. Horner, 879 F.2d 873, 875 (D.C. Cir. 1989).  The D.C. Circuit has previously

described this threshold as "minimal."  Washington Post Co. v. HHS, 690 F.2d 252, 260 (1982).

     In the instant case, the Plaintiff is seeking personal information from Agency files

regarding the address or whereabouts of a specific third party whom she claims is her sister.  As

such, the Plaintiff's FOIA request clearly applies to "particular individuals" and would be

considered "similar files" under Exemption 6.

     **2.**     **Disclosure Would Constitute A Clearly Unwarranted Invasion Of Privacy**

     Once it is determined that Exemption 6 applies, the courts apply a balancing test and

weigh the privacy interests implicated by the release of the requested records against the public's

interest in their disclosure.  U.S. Dep't. of Justice v. Reporters Committee for Freedom of the

Press, 489 U.S. 749, 762 (1989); Nix v. United States, 572 F.2d 998, 1002 (4th Cir. 1978).

     **a.**     **The subject of Plaintiff's FOIA request has a significant privacy interest**

     In Horner, the Court of Appeals for the District of Columbia Circuit upheld the refusal of

the Office of Personnel Management to disclose the names and home addresses of retired federal

employees to a non-profit association.  879 F.2d 873 (D.C. Cir. 1989).  In reaching its decision,

the Court recognized as significant the "privacy interest of an individual in avoiding the

unlimited disclosure of his or her name and address" and found that disclosure of the requested

information "would interfere with the subjects' reasonable expectations of undisturbed

enjoyment in the solitude and seclusion of their own homes."  Id. at 875-76.  The Court further

explained that the "disclosure of names and addresses is not inherently and always a significant

threat to the privacy of those listed" but "depends upon the characteristic(s) revealed by virtue of

being on the particular list, and the consequences likely to ensue."  Id. at 877.  The Court found

that there "is a substantial probability that the disclosure" would result in a "barrage of solicitations," which it held to be a significant invasion of privacy. Id. at 877-78.

In the instant case, Plaintiff claims that her sister traveled to the United States in 1967 and communicated with the Plaintiff and their family "religiously" from 1967 to 1971, until "she stopped writing" in 1971. Ex A, pg 1. Accepting these allegations as true, the Plaintiff's sister has not written to or otherwise communicated with the Plaintiff for more than thirty-six years. Id. As discussed in Horner, individuals have a significant privacy interest in avoiding the disclosure of, in pertinent part, their addresses. Id. at 877. Given the extended lack of communication between the Plaintiff and her sister, it is not unreasonable to presume that the Plaintiff's sister has an interest in maintaining her privacy from other parties and that disclosure of any information regarding her address or whereabouts would represent a significant intrusion upon that privacy.

**b.     Plaintiff fails to articulate any public interest in disclosure**

Once the privacy interests of the individual have been identified, the next step in the balancing inquiry is to weigh the public's interest in the records. The D.C. Circuit has long held that the public interest contemplated by the FOIA is that of the general public, not a private litigant. Ditlow v. Shultz, 517 F.2d 166, 171-72 (D.C. Cir. 1975). The law is clear that plaintiff's personal interest is entitled to no weight under the FOIA. Oguaju v. United States, 288 F.3d 448, 450 (D.C. Cir. 2002), *judgment vacated sub nom,* Oguaju v. U.S. Marshals Service, 541 U.S. 970 (2004), *judgment reinstated,* Oguaju v. United States, 378 F.3d 1115 (D.C. Cir. 2004). Thus, the FOIA was not intended to be an "administrative discovery statute for the benefit of private parties." Brown v. Federal Bureau of Investigation, 658 F.2d 71, 75 (2nd Cir. 1981) (citing Ditlow, 517 F.2d at 171-72). Nor did Congress intend to make the Federal

Government a "clearinghouse for personal information." <u>Reporters Committee</u>, 489 U.S. at 761. As mentioned above, the sole public interest in the FOIA balancing inquiry is to shed light on an agency's performance of its statutory duties or otherwise let citizens know what their government is up to." <u>United States Department of Defense, et al. v. Federal Labor Relations Authority</u>, 510 U.S. 487, 497 (1994). Unless a FOIA request advances "the citizens' right to be informed about 'what their government is up to,'" <u>Reporters Committee</u>, 489 U.S. at 773, no relevant public interest is at issue.

In this case, Plaintiff has not and cannot articulate any public interest whatsoever in the records and information which she seeks. As reflected in the Plaintiff's December 21, 2001 FOIA request, Plaintiff seeks the disputed records solely in an effort to determine "the whereabouts or fate of [her] sister." Def. Ex. 1, Ex. A, pg 1; <u>see also</u> Compl. at ¶ 1 ("… this judicial review is based on the issue of locating my sister…"). Plaintiff's request is not in any way related to the Agency's performance of its statutory duties, nor is it intended to shed any light on what the Government is doing. In effect, Plaintiff is improperly utilizing the FOIA as an "administrative discovery statute." Such a purpose is inconsistent with the FOIA and thus fails to demonstrate a cognizable public interest.

In the absence of a public interest in the disclosure of the Agency records, any privacy interest will tilt the scale in favor of withholding the information, because, as the D.C. Circuit cogently observed, "something outweighs nothing, every time." <u>Oguaju</u>, 288 F.3d at 451 (citing <u>Horner</u>, 879 at 879. The Agency has articulated a significant privacy interest in not disclosing the requested information and the Plaintiff has failed to establish any competing public interest.

As such, the disclosure of the requested records represents a clearly unwarranted invasion of privacy and is exempt from disclosure under Exemption 6 of the FOIA.[2]

## V.    CONCLUSION

For the above stated reasons, Defendant U.S. Citizenship and Immigration Services, Department of Homeland Security respectfully requests that the motion for summary judgment be granted.

Respectfully submitted,

/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/_____
BLANCHE L. BRUCE, D.C. BAR # 960245
Assistant United States Attorney
555 Fourth Street, N.W., Room E-4220
Washington, D.C. 20530
(202) 307-6078 (telephone)

---

[2] The FOIA requires that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such a record after deletion of the portions which are exempt." 5 U.S.C. § 552(b). However, to the extent that the Plaintiff's request seeks records and information related entirely to a third party and fails to provide any written consent for release of such records, any responsive records would pertain entirely to the third party and are thus exempt from disclosure under Exemption 6.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OFELIA UBUNGEN                             )
                                          )
                                          )
                    Plaintiff,            )
                                          )
          v.                              )          Civil Action No. 08-00673 (EGS)
                                          )
U.S. CITIZENSHIP AND IMMIGRATION          )
SERVICES                                  )
                    Defendant.            )
_____ )

## DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE

Pursuant to Fed. R. Civ. P. 56(c) and Local Rule 7(h), Defendant U.S. Citizenship and

Immigration Services ("Defendant" or "Agency") hereby submits this statement of material facts

not in genuine dispute.

1.      On January 8, 2002, Defendant's Freedom of Information Act (FOIA) Central

Office in Washington (COW) received a request from Plaintiff for information regarding the

"whereabouts or fate" of a third party, Merlina Barbadillo Padilla, whom Plaintiff claimed was

her sister.  Plaintiff's FOIA request did not provide Ms. Padilla's alien number, nor did she

submit an executed consent for release of information from Ms. Padilla.  *See Exhibit A to*

*Declaration of Brian J. Welsh (Welsh Decl.), attached hereto as Defendant's Exhibit1.*

2.      On January 10, 2002, in accordance with its normal operating procedures, the

COW acknowledged receipt of the Plaintiff's FOIA request with an acknowledgement letter,

advising Plaintiff that requests are processed in the order of their receipt and that her request was

assigned control number COW2002000071.  *See Exhibit B to Welsh Decl., attached hereto as*

*Defendant's Exhibit 1.*

3.      On January 16, 2002, the COW made a general inquiry into the Defendant's

Central Index System (CIS).[1]  The search revealed that relevant records were physically located

at the Agency's Newark, New Jersey office (NEW).

4.      On January 29, 2002, Plaintiff's FOIA request was electronically transferred to

NEW.  Defendant sent a letter to the Plaintiff advising her of this transfer.  *See Exhibit C to*

*Welsh Decl., attached hereto as Defendant's Exhibit 1.*

5.      In a letter dated May 14, 2002, NEW denied the Plaintiff's FOIA request for

access to the address of Ms. Padilla, citing 5 U.S.C. § 552(b)(6) of the FOIA.  NEW explained

that the last known address for Ms. Padilla reflected in Agency records was at the time that she

[Ms. Padilla] filed a petition.  However, NEW further explained that to release such information

without consent would constitute a clearly unwarranted invasion of personal privacy.  NEW

further informed Plaintiff that a letter containing her address was forwarded to the subject's last

known address so that the subject may respond directly to her.  *See Exhibit D to Welsh Decl.,*

*attached hereto as Defendant's Exhibit 1.*

6.      On August 12, 2004, the FOIA Appeal Branch received a letter from the Plaintiff

appealing NEW's decision.  *See Exhibit E to Welsh Decl., attached hereto as Defendant's*

*Exhibit 1.*

7.      On September 7, 2004, in accordance with its normal operating procedures, the

FOIA Appeal Branch acknowledged receipt of Plaintiff's appeal with an acknowledgement letter

---

[1]  Although the USCIS is the official custodian of the Alien-File/Central Index System, as a
shared system of records, other contributors to the system's files are Immigration and Customs
Enforcement (ICE), Customs and Border Protection (CBP), and U.S. Department of State
(DOS).

in which the Plaintiff was advised the request was assigned control number APP2004001645.

*See Exhibit F to Welsh Decl., attached hereto as Defendant's Exhibit 1.*

8.     On November 27, 2006, the FOIA Appeal Branch upheld NEW's decision

denying access to the last known address of Ms. Padilla.  Again, Plaintiff was advised that

without Ms. Padilla's consent, the disclosure of records concerning a third party would constitute

a clearly unwarranted invasion of privacy pursuant to 5 U.S.C. § 552(b)(6) of the FOIA.  *See*

*Exhibit G to Welsh Decl., attached hereto as Defendant's Exhibit 1.*

Respectfully submitted,


/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


/s/_____
BLANCHE L. BRUCE, D.C. BAR # 960245
Assistant United States Attorney
555 Fourth Street, N.W., Room E-4220
Washington, D.C. 20530
(202) 307-6078


Date:   July 10, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OFELIA UBUNGEN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. 08-00673 (EGS) |
| | ) |
| U.S. CITIZENSHIP AND IMMIGRATION | ) |
| SERVICES | ) |
| Defendant. | ) |
| | ) |

## DECLARATION OF BRIAN J. WELSH

I, BRIAN J. WELSH, hereby declare:

1. I am the Assistant Center Director, in the Freedom of Information and Privacy Acts
   (FOIA/PA) Unit, National Records Center (NRC), United States Citizenship and
   Immigration Services (USCIS), within the Department of Homeland Security (DHS), in
   Lee's Summit, Missouri.[1] I have held this position of Assistant Center Director since
   February 21, 2006. I am also an attorney licensed to practice law by the State of New
   Mexico since 1979. I served 21 years with the U.S. Department of the Air Force as a
   Judge Advocate General, during which I worked, among other things, extensively with
   the FOIA, performing all aspects of a typical disclosure operations program including,
   but not limited to, processing records in response to requests; rending legal advice and
   opinions; reviewing the performance of FOIA processors; conducting litigation;
   performing legislation/regulation analyses, research and development; and providing
   formal disclosure training.

2. As FOIA Officer for the NRC, I supervise the FOIA/PA Appeals Branch information
   access professionals who are responsible for the orderly adjudication of all FOIA and
   Privacy Act administrative appeals.

3. Through the exercise of my official duties, I am generally familiar with Plaintiffs' civil
   action and her FOIA request. I make the following statements based upon my personal

---

[1] Prior to the formation of the DHS, this office was a component of the Immigration and
Naturalization Service (INS), within the Department of Justice (DOJ). After the INS ceased to
exist in March 2003, FOIA/PA became part of Immigration and Customs Enforcement (ICE)
within the DHS. In October 2003, FOIA/PA became part of United States Citizenship and
Immigration Services (USCIS) within the DHS.

knowledge, upon information made available to me in my official capacity, and upon the advice and counsel of the USCIS Office of Chief Counsel.

4. This Declaration is submitted in support of Defendant's Motion for Summary Judgment in the above-captioned matter.

5. On January 8, 2002, a request under the FOIA from Plaintiff requesting information regarding the "whereabouts or fate" of her sister, Merlina Barbadillo Padilla, was received by the Central FOIA Office in Washington (COW). Plaintiff did not provide the alien number of her sister nor an executed consent for release of information from Ms. Padilla. *See December 21, 2001 letter, attached hereto as Exhibit A.*

6. On January 10, 2002, in accordance with its normal operating procedures, the COW acknowledged receipt of the FOIA request with an acknowledgement letter in which the Plaintiff was advised that requests are processed in the order of their receipt and that the request was assigned control number COW2002000071. *See January 10, 2002 letter, attached hereto as Exhibit B.*

7. On January 16, 2002, the COW made a general inquiry into the Central Index System (CIS).[2] The search revealed that relevant records were physically located at the Newark, New Jersey office (NEW).

8. On January 29, 2002, the FOIA request was electronically transferred to NEW. A letter was sent advising Plaintiff of this transfer. *See January 29, 2002 letter, attached hereto as Exhibit C.*

9. In a letter dated May 14, 2002, NEW denied Plaintiff's FOIA request for access to the address of Ms. Padilla, citing 5 U.S.C. § 552(b)(6) of the FOIA. NEW explained that to release such information without consent would constitute a clearly unwarranted invasion of personal privacy. NEW further informed Plaintiff that a letter containing the Plaintiff's address was forwarded to the subject's last known address so that the subject may respond directly to her. *See May 14, 2002 letter, attached hereto as Exhibit D.*

10. On August 12, 2004, the FOIA Appeals Branch received a letter from the Plaintiff appealing NEW's decision. *See May 18, 2003 letter, attached hereto as Exhibit E.*

11. On September 7, 2004, in accordance with its normal operating procedures, the FOIA Appeals Branch acknowledged receipt of the appeal with an acknowledgement letter in

---

[2] Although the USCIS is the official custodian of the Alien-File/Central Index System, as a shared system of records, other contributors to the system's files are Immigration and Customs Enforcement (ICE), Customs and Border Protection (CBP), and U.S. Department of State (DOS).

which the Plaintiff was advised the request was assigned control number APP2004001645. *See September 7, 2004 letter, attached hereto as Exhibit F.*

12. On November 27, 2006, the FOIA Appeals Branch upheld NEW's decision and so advised Plaintiff. *See December 6, 2006 letter, attached hereto as Exhibit G.*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____July 9_____, 2008.

Brian J. Welsh
Assistant Center Director
Freedom of Information Act & Privacy Act

*Cow Reyes*

No. 19 Governor
Luna Street
San Fernando City
2500 La Union
*PHILIPPINES*

December 21, 2001

The Director
Immigration and Naturalization Service
FOIA/PA Unit Room 5304
425 I Street N.W.
Washington ,. D.C. 20536
U.S.A.

Dear Sir:

It is my ardent desire to  locate the whereabouts or fate of my sister MERLINA BARBADILLO PADILLA who came to the U.S. on June 9, 1967, and her port of entry was Newwark, New Jersey, under a visa of an Exchange Visitor Program. She was a graduate of BSN batch 1966 at the Holy Trinity College, Philippines. Thereafter, she worked at an undisclosed hospital in Newwark, New Jersey for at least one and half years after which she transferred and permanently worked at the Queens Hospital in New York. She had been religiously communicating with us since 1967 continuously up to 1971 informing us that she liked her work and UNMARRIED. Unfortunately, at a later date of 1971 she stopped writing us without any reason it was why we tried to communicate with her oftenly but our letters were returned. Our parents and us were alarmed and we did everything possible to locate her but to no avail until our parents Celestino and Francisca died due to extreme loneliness.

Regarding my consent for release of information, I hereto attach my certified birth certificate to corroborate my personality in this search, I being her bonafide and legitimate sister of hers, thus, I voluntarily invoke the provisions of Privacy Act of 1964.

For that lapse of period of her absence I presume that she died __intestate__. Further, her employment with U.S. hospitals she must necessarily had applied for U.S. Naturalization and her register of naturalization can be verified at the District Court of New Jersey or New York.

Exhibit A

If she was not naturalized she was a permanent resident alien.

Considering that she was not married I can frankly institute any and all claims e.g., her life insurance, her real or personal properties left, private insurances, death and retirement benefits for which I am entitled to being her nearest of kin. However, these my intended interests should not be more paramount than my craving for the information that she is <u>still alive</u> which is the most important and sentimental matter and issue in this request for search.

Thank you so much for your kind assistance.

Very Truly Yours,

OFELIA PADILLA UBUNGEN
Sister of Merlina B. Padilla

Encl:
1. Photocopy of her picture.
2. Her birth certificate.
3. Her letter of September 15, 1967 and its corresponding
   envelop.



*Merlino B. Padilla*

**OFFICIAL RECEIPT**
Republic of the Philippines
OFFICE OF THE TREASURER
Province of La Union
CITY OF SAN FERNANDO

| Accountable Form No. 51 Revised August 1994 | ORIGINAL |
|---|---|
| DATE 12-21-01 | NO. LU 0068784 |

| PAYOR | FUND |
|---|---|
| Merlin Pelles | |

| NATURE OF COLLECTION | ACCOUNT CODE | AMOUNT |
|---|---|---|
| Cert. fee for school | | ₱ 50 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | ₱ 50 — |

| AMOUNT IN WORDS | fifty |
|---|---|

| ☑ Cash | DRAWEE BANK | NUMBER | DATE |
|---|---|---|---|
| ☐ Check | | | |
| ☐ Money Order | | | |

Received the amount stated above

By WILFREDO P. DADOS

LCR Form No. 1C
( Birth, destroyed )



Republic of the Philippines
OFFICE OF THE CIVIL REGISTRAR
SAN FERNANDO, LA UNION

December 21, 2001

TO WHOM IT MAY CONCERN:

We certify that the records of births filed in the archives of this Office include those which were registered from 1945 to present. However, the records of births during the period 1931 to APRIL 1945 were all destroyed by THE LAST WAR, hence, we cannot issue as requested, a true transcription from the Register of Births or true copy of the Certification of Live birth of MERLINA PADILLA who is alleged to have been born on FEBRUARY 2, 1945 in this city/municipality from parents CELESTINO PADILLA and FRANCISCA BARBADILLO.

We also certify that for every registered birth, this Office submits a copy of the Certificate of Live Birth to the Office of the Civil Registrar General, National Statistics Office, R. Magsaysay Blvd., Sta. Mesa, Manila. Hence, the interested party is hereby advised to make further verification in the archives of that office.

Remarks    :    VALID FOR ABROAD

This certification is issued to MERLINA B. PADILLA upon his/her request.

REYNALDO A. DUMAGUIN
CITY CIVIL REGISTRAR

Verified by:

EVELYN A. GUHIT
REGISTRATION OFFICER III

Amount paid :  50.00
O.R. Number :
Date Paid   : 21st December 2001

Note: A mark, erasure or alteration of any entry invalidates
      this certification.

Civil Registry Form No. 1A
(Birth-available)

Republic of the Philippines
OFFICE OF THE CIVIL REGISTRAR
SAN FERNANDO, LA UNION

March 13, 2000

TO WHOM IT MAY CONCERN:

    We certify that, among others, the following facts of birth appear in our Register of Births on page 0048 of book number 058:

| | |
|---|---|
| Registry number | : 20000622 |
| Date of Registration | : February 11, 2000 |
| Population Reference No. | : |
| Name of child | : OFELIA B. PADILLA |
| Sex | : Female |
| Date of birth | : July 14, 1946 |
| Place of birth | : SAN FERNANDO, LA UNION |
| Name of mother | : FRANCISCA A. BARBADILLO |
| Citizenship of mother | : FILIPINO |
| Name of Father | : CELESTINO A. PADILLA |
| Citizenship of father | : FILIPINO |
| Date of marriage of parents | : April 28, 1944 |
| Place of marriage of parents | : SAN FERNANDO, LA UNION |

    This certification is issued to upon his/her request.

REYNALDO A. DUMAGUIN
CITY CIVIL REGISTRAR

Verified by

MAGNOLIA M. PANIT
DATA CONTROLLER II

Amount paid : 10.00
O.R. Number : 8735448
Date Paid : 13th March 2000

Note: A mark, erasure or alteration of any entry invalidates
this certification.

Sept. 15, 1967

Dearest Tatang & Deanang,

Enclosed is a check of $90. which is the only amount I can give because I paid for my insurance, telephone bills and for the despedida party we gave to one of our companion here in the apartment who is transferring to Canada.

The office has not yet given my overtime pay to add to this money because it will be given sometime by the end of September or 1st week of October.

So long & may God bless you all

Your loving daughter
Karly



#019 GOVERNOR LUNA ST.
SAN FERNANDO CITY, LA UNION
PHILIPPINES   2500
DECEMBER 6, 1995



From: Ofelia D. Ustonger
41 Governor Luna St.
San Fernando, La Union 2500
Philippines

The Director
Immigration and Naturalization Service
FOIA/PA Unit Room 5304
425 I Street N.W.
Washington, D.C. 20536
U.S.A.

Registered W/
Return Card

AIR MAIL
PAR AVION

REGISTERED
San Fernando City, La Union
PHILIPPINES
DEC 21 2008
NO. 3087





**U.S. Department of Justice**
Immigration and Naturalization Service

COW2002000071

_425 I STREET, NW_
_2nd Floor ULLICO Bldg._
_Washington, DC 20536_

January 10, 2002

Ofelia Padilla Ubungen
No. 19 Governor
Luna Street
San Fernando City,
2500 La Union Philippines

Dear Ofelia Padilla Ubungen:

We received your request for information relating to Padilla, Merlina Barbadillo on 01/10/2002.

Your request is being handled under the provisions of the Freedom of Information Act (5 U.S.C.552). It has been assigned the following control number: COW2002000071. Please cite this number in any further inquiry about this request.

In accordance with Department of Justice Regulations (28 CFR 16.11), your request is deemed to constitute an agreement to pay any fees that may be chargeable up to $25.00. Fees may be charged for searching for records sought at the respective clerical, professional, and/or managerial rates of $4.00/$7.00/$10.25 per quarter hour, and for duplication of copies at the rate of $.10 per copy. The first 100 copies and two hours of search time are not charged, and the remaining combined charges for search and duplication must exceed $14.00 before we will charge you any fees. Most requests do not require any fees; however, if fees in excess of $25.00 are required, we will notify you beforehand.

Additionally, we respond to requests on a first-in, first-out basis and on a multi-track system. With this system we consider each request according to the complexity and volume so that requesters with a simple and quick response do not wait for extended periods of time while we review complex voluminous requests. Because of the nature of your request we have placed your request on the simple track.

We will answer your request as quickly as possible. If you have further questions, please address your inquiry to this office, Attention: FOIA/PA Officer. You may also call us at (202) 514-3278 or fax any correspondence to (202) 514-4310.

Sincerely,

AVE M. SLOANE
CHIEF, FOIA/PA UNIT

Exhibit B



**U.S. Department of Justice**
Immigration and Naturalization Service

COW2002000071

*425 I STREET, NW*
*2nd Floor ULLICO Bldg.*
*Washington, DC 20536*

January 29, 2002

Ofelia Padilla Ubungen
No. 19 Governor
Luna Street
San Fernando City, 2500 La Union  Philippines

Dear Ofelia Padilla Ubungen:

Your request was received in this office on 01/10/2002 regarding the subject: Padilla, Merlina Barbadillo.

We have searched for records that relate to your request and determined that if such records exist, they would be maintained under the jurisdiction of the INS office at the following address:

> NEWARK DISTRICT OFFICE
> FEDERAL BUILDING
> 970 BROAD STREET
> NEWARK, NJ 07102

We have forwarded your request to that office for consideration and direct reply to you.  Any further inquiries should be sent to the FOIA/PA officer at the office identified above.

Sincerely,

AVE M. SLOANE
CHIEF, FOIA/PA UNIT

Exhibit C



**U.S. Department of Justice**
Immigration and Naturalization Service

NEW2002000456

*FEDERAL BUILDING*
*970 BROAD STREET*
*NEWARK, NJ 07102*

May 14, 2002

Ofelia Padilla Ubungen
19 Governor Luna Street
San Fernando City
2500 La Union
Philippines 601

Dear Ofelia Padilla Ubungen:

This is in response to your Freedom of Information Act (FOIA) request received in this office 02/14/02 for access to the address of Merlina Barbadillo Padilla.

The last known address we have for Merlina Barbadillo Padilla is at the time she filed a petition. However, disclosure of this information without her prior written consent would constitute a clearly unwarranted invasion of her personal privacy pursuant to the Freedom of Information Act, (5 U.S.C. 552 (b)(6)).

To be of some assistance to you, we have forwarded your address to Merlina Barbadillo Padilla and advised her to contact you directly.

In the event you wish to appeal this determination, you may write to the Co-Director, Office of Information and Privacy, U.S. Department of Justice, Flag Bldg., Suite 570, Washington, DC 20530, within 60 days of receipt of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

If you should have any additional questions about your request, please direct your inquiries to this office at the above address. You may also call us at (973) 645-4696.

Sincerely,

**ANDREA J QUARANTILLO**
**DISTRICT DIRECTOR**

Exhibit D

INS
HEADQUARTERS
FOI.

'04  AUG 12  AIO :40

19 Governor Luna Street
San Fernando City
2500 La Union
Philippines 601

May 18, 2003

Re: Appeal No. 02-2789
New 2002000456
RLH: ERW: MJS

MR. RICHARD L. HUFF
Co-Director
U.S. Department of Justice
Office of Information and Privacy
Washington D.C. 20530
U.S.A.

Dear Sir:

Thank you for your letter of January 23, 2003 conditionally maintaining your decision of Sept. 17, 2002 by giving me a leeway or respite of assisting me to locate my sister's last known address at Newark District office, although without certainty.

Yet you advised me to seek review if I remain dissatisfied with my action on appeal. Your honor, this appeal I think has not undergone the due process because I have not been provided the rules and guidelines of INS procedure and practice and on what authority will permit me to file a judicial review.

Of course, I am entitled, I am entitled to be provided a written statement of the reasons and bases for the appropriateness of your decision for your findings and conclusion on all material issues adequate to enable me to understand the precise basis of the decision. Additionally, I contend that a single-judge disposition (as in your capacity) is inappropriate because it seems that your decision is not of relative simplicity and the outcome has become reasonably debatable.

In view of the foregoing, at this stage of the proceedings, if there be, shall be stayed or in the alternative, this appeal be reviewed *de novo* by an INS panel upon your motion in consonance with the INS rules.

Here is hoping for your kind approval and consideration with the end in view to recall and vacate your September 17, 2002 adverse decision.

Sincerely,

Exhibit E





**U.S. Department of Homeland Security**
2nd Floor, FOIA Unit
111 Mass Avenue, NW
Washington, DC 20529

**U.S. Citizenship
and Immigration
Services**

September 7, 2004

APP2004001645

Ofelia Padilla Ubungen
No. 19 Governor
Luna Street
2500 La Union
San Fernando City, Philippines

Dear Ofelia Padilla Ubungen:

Re: NEW2002000456

This is to advise you that we received your administrative appeal regarding the action by the Newark District Office relating to Merlina Barbadillo Padilla.

We have the responsibility of adjudicating appeals and will make every effort to respond to your request as quickly as possible. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. We have assigned control number APP2004001645 to your appeal. Please mention this number in any future correspondence to this office regarding this matter.

We will notify you of the decision on your appeal as quickly as possible. However, we must first contact the Newark District Office and obtain the background material on your request. If you have further questions, please direct your inquiry to this office.

Sincerely,

Magda S. Ortiz
Director, FOIA/PA Branch

www.uscis.gov

Exhibit F



U.S. Department of Homeland Security
2nd Floor, FOIA Unit
111 Mass Avenue, NW
Washington, DC 20529

**U.S. Citizenship**
and Immigration
Services

DEC 0 6 2006

APP2004001645

Ofelia Padilla Ubungen
No. 19 Governor
Luna Street
2500 La Union
San Fernando City, PHILIPPINES

Dear Ofelia Padilla Ubungen:

Re: NEW2002000456

You appealed the action of the Newark District Office regarding your request for access to records pertaining to Merlina Barbadillo Padilla.

After carefully considering your appeal, I have decided to affirm the INS's action on the last known address of Ms. Padilla. Without an individual's consent, the disclosure of records concerning a third party would constitute a clearly unwarranted invasion of her personal privacy pursuant to the Freedom of Information Act (5 U.S.C. 552(b)(6).

In order to assist you as much as possible, the Newark District Office (NEW) has forwarded your address to the last-known address of Ms. Padilla. Please be advised, however, that because the address is several years old, it may no longer be valid and the NEW's letter on your behalf may not reach her.

If you are dissatisfied with our action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Peter D. Gregory, Chief
Commercial & Administrative Law Division
Department of Homeland Security
Citizenship and Immigration Services

Exhibit G

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **OFELIA P. UBUNGEN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 08-0673(EGS)** |
| ) | |
| **U. S. CITIZEN & IMMIGRATION SERVICES,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**ORDER**

UPON CONSIDERATION of Defendant's Motion to Dismiss or in the alternative,

Motion for Summary Judgment, memorandum, and accompanying documents, any opposition by

Plaintiff, and the entire record herein, it is on this ____ day of _____, 2008,

ORDERED that Defendant's Motion to Dismiss/ Motion for Summary Judgment is

Granted.

_____
United States District Judge