UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OFELIA P. UBUNGEN, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 08-673 (EGS) |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, | ) |
| Defendant. | ) |

### MEMORANDUM OPINION

Plaintiff Ofelia P. Ubungen filed this *pro se* complaint under the Freedom of Information Act, 5 U.S.C. § 522 ("FOIA"), challenging the defendant's decision to withhold information about the whereabouts of her sister, Merlina Barbadillo Padilla. The defendant agency has filed a motion to dismiss or for summary judgment. Because there are no material facts in dispute and the defendant agency's decision was proper under the FOIA, summary judgment will be granted for the defendant.

### I. Factual Background

In December 2001, the plaintiff, a resident of the Philippines, sent a FOIA letter request seeking information on the "whereabouts or fate of my sister Merlina Barbadillo Padilla who came to the U.S. on June 9, 1967 . . . ." *See* Decl. of Brian J. Welsh, July 9, 2008 ("Welsh Decl."), Ex. A. Providing a few details about where Padilla had lived and worked in the United States, plaintiff noted that her sister had communicated regularly with her parents and plaintiff in the Philippines until 1971, at which point the communication ceased without explanation. With

her request, plaintiff included documents tending to show that Padilla was in fact Ubungen's sister and had been in communication with her as late as 1971. *Id.* Plaintiff also explained that she was seeking her sister for familial reasons, as well as the possibility that her sister had died leaving plaintiff, her closest known living kin, as heir.

In January 2002, the defendant agency acknowledged plaintiff's request and advised the plaintiff that it was being referred to its office in Newark, where Padilla had entered the country. *Id.*, Ex. C. The Newark office responded to the plaintiff in May 2002, acknowledging that it had a "last known address" from a "time she filed a petition," but declined to disclose the address without consent from Padilla, and citing FOIA Exemption 6, which pertains to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). *Id.*, Ex. D. The Newark office added that "[t]o be of some assistance to you, we have forwarded your address to Merlina Barbadillo Padilla and advised her to contact you directly." *Id.* Plaintiff appealed the agency's decision to withhold the information, and the decision was affirmed on appeal by letter dated December 6, 2006. *Id.*, Ex. G. In this letter, the Newark office again noted that it had forwarded plaintiff's address to the last known address for Padilla, but that because Padilla's address was "several years old, it may no longer be valid and the [Newark office's] letter [to Padilla] on [plaintiff's] behalf may not reach her." *Id.* Plaintiff then initiated this civil action to compel disclosure, and the defendant agency filed this dispositive motion.

## II. Discussion

Summary judgment may be granted only where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Burke v. Gould,* 286 F.3d 513, 517 (D.C. Cir. 2002).  A material fact is one that is capable of affecting the outcome of the litigation. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986).  A genuine issue is one where the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," *id.,* as opposed to evidence that "is so one-sided that one party must prevail as a matter of law." *Id.* at 252.  A court considering a motion for summary judgment must draw all "justifiable inferences" from the evidence in favor of the nonmovant. *Id.* at 255.

In a FOIA suit, an agency is entitled to summary judgment once it bears its burden of demonstrating that no material facts are in dispute, and that it has conducted a search reasonably calculated to uncover all relevant information, *Weisberg v. Dep't of Justice,* 745 F.2d 1476, 1485 (D.C. Cir. 1984), which either has been released to the requestor or is exempt from disclosure, *Students Against Genocide v. Dep't of State,* 257 F.3d 828, 833 (D.C. Cir. 2001).  A court may award summary judgment to a FOIA defendant solely on the basis of information provided by the department or agency in sworn statements with reasonably specific detail that justify the nondisclosures, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith. *Military Audit Project v. Casey,* 656 F.2d 724, 738 (D.C. Cir.1981).  To successfully challenge such a showing by the defendant agency, the plaintiff must come forward with "specific facts" demonstrating a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986).

Here, the agency has agency has filed documents and a sworn statement establishing that it conducted an adequate search, and that all responsive information is being withheld under Exemption 6, which exempts "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). *See* Welsh Decl. ¶¶ 7, 9, 12 (reflecting the agency's search and assertion of Exemption 6 to withhold the responsive information). The plaintiff's challenge to the agency's decision in this matter is confined to a single issue: whether disclosure of Padilla's last-known address would constitute a clearly unwarranted invasion of privacy.[1] The plaintiff counters that information on missing persons is not reasonably considered a secret matter and is often highly publicized. Opp'n at 2. She also argues that "the missing person (if live) be asked if she maintain or waive the invasion of her privacy, not the [plaintiff]."[2] *Id.* Most critical for plaintiff's FOIA suit, however, is that she identifies no public interest to warrant disclosure of the information.

An assessment of whether the disclosure under the FOIA by the federal government of a particular person's address would constitute a clearly unwarranted invasion of personal privacy

---

[1] Because she does not challenge it, plaintiff is deemed to have conceded that the information falls within the category of "personnel and medical files and similar files." Even had she not conceded this point, the agency would prevail, because the Supreme Court has held that for purposes of applying Exemption 6 "all information that applies to a particular individual" falls within the category of "personnel and medical files and similar files." *U.S. Dep't of State v. Washington Post Co.,* 456 U.S. 595, 602 (1982).

[2] Although irrelevant to the legal analysis, the practical analysis of the available facts is instructive. By forwarding Ubungen's address to Padilla, the defendant agency did, indeed, ask Padilla to "maintain or waive the invasion of her privacy." The apparent fact that Padilla did not communicate with Ubungen is inconclusive, but narrows the possibilities. Either the agency's letter did not reach Padilla at the last address it had for her (in which case it cannot be presumed that the address would be of much help to Ubungen), or Padilla chose not to contact Ubungen.

requires a balancing of an individual's right to privacy in any information associated with him or her against the public interest in disclosure.  *Dept' of the Air Force v. Rose,* 425 U.S. 352, 372 (1976); *Fund for Constitutional Gov't v. Nat'l Archives & Records Serv.*, 656 F.2d 856, 862 (D.C. Cir. 1981).  As the Supreme Court has emphasized, the FOIA's

> basic policy of full agency disclosure unless information is exempted under clearly delineated statutory language . . . indeed focuses on the citizens' right to be informed about what their government is up to.  Official information that sheds light on an agency's performance of its statutory duties falls squarely within that statutory purpose.  That purpose, however, is not fostered by disclosure of information about private citizens that is accumulated in various governmental files but that reveals little or nothing about an agency's own conduct.  In this case—and presumably in the typical case in which one private citizen is seeking information about another—the requester does not intend to discover anything about the conduct of the agency that has possession of the requested records.  Indeed, response to this request would not shed any light on the conduct of any Government agency or official.

*U.S. Dep't of Justice v. Reporters Committee for Freedom of Press*, 489 U.S. 749, 733 (1989) (quotation marks and citations omitted).  In other words, the FOIA provides public access to government records as a means for exposing and examining government conduct, not as a means for providing information about one individual to another.  In short, only a public interest — not a private interest — can weigh in favor of invading the personal privacy of an individual by disclosing information about that individual to someone else.  A private interest in personal information contained in agency records is insufficient to unlock those records under the FOIA.  Here, however, the plaintiff's interest in the information about her sister is a purely personal, private interest.  The FOIA is insensitive to a requestor's private interest in information that may be stored in government records maintained by executive branch agencies.  Accordingly, because there is no public interest in disclosing the personal information regarding Padilla, the defendant

agency here properly withheld Padilla's personal information under FOIA Exemption 6 and is entitled to summary judgment.

    A final order accompanies this memorandum opinion.

/s/<br>
EMMET G. SULLIVAN<br>
United States District Judge

Date:  March 2, 2009